_[gLeBLANC, J.
The issue in this appeal is whether the three minor children of Shanda Spears Crain have the legal right to succeed to the estates of their grandparents (Shan-da’s parents), in light of the fact that Shan-da was convicted of murdering her parents and can thereby be declared unworthy as an heir, and also in light of renunciations allegedly executed by Shanda, which, if valid, left her two brothers as the remaining heirs in the first degree with respect to the decedents’ estates.
Shanda Spears Crain was convicted of the first degree murder of her parents, George Lander Spears, Sr. and Bobbie Jean Toney Spears, and is incarcerated at the Louisiana State Prison for Women in St. Gabriel, Louisiana. The three minor children on whose behalf this action has been filed are the children of Shanda Spears and the grandchildren of the decedents. In addition to Shanda, the decedents had two other children, George Lander Spears, Jr. and Landon Scott Spears. Although absent from the record before us, it appears that subsequent to the murders, Shanda executed two acts of renunciation of her parents’ successions.
This action, filed by Yancy Brett Crain, Shanda’s former husband and the tutor of the three minor children, is an attempt to secure the portion of the decedents’ estates that would have devolved to Shanda, absent her renunciations and unworthiness, for her three minor children. The petition seeks to have the renunciations declared null and a declaration of Shanda’s unworthiness. According to the petition, once these two declarations are made, the children “should be called to the successions by representation of their mother.”
*262 The defendants, which include the two successions and the two remaining heirs in the first degree, Shanda’s brothers, filed a motion for summary judgment, claiming that the children have no legal right to inherit through their mother, who is still alive, by representation whether she is | odeclared unworthy or renounces the successions or both. Defendants maintain that in either scenario, the children would succeed in their own right, and therefore, inherit only if they are nearest in degree. Because Shanda, the renouncing/unworthy heir has two siblings who are in the first degree, the children, who are in the second degree, have no rights of inheritance.
The trial court granted the motion for summary judgment, finding no genuine issues of material fact and that the children have no legal right to any portion of their grandparents’ successions. The petition was dismissed; plaintiffs appeal.
Plaintiffs’ claim that the children may represent Shanda in the successions after a declaration of unworthiness is based on La. C.C. art. 973,[1] which provides as follows:
The children of the person declared unworthy to succeed, being admitted to the succession ab intestato in their own name and without the aid of representation, are not excluded by the fault of their father; but the father can not claim, in any case, upon the property of that succession, the usufruct which the law grants him in certain cases.
The trial court, in the absence of any jurisprudence interpreting the article, relied on the comments of Professors Frederick Swaim and Kathryn Lorio in 10 Louisiana Civil Law Treatise, Successions and Donations § 6.3, at 127-128 (1995) interpreting the phrase “in their own name” to mean inheriting “in their own right,” as opposed to inheriting through representation, which is allowed only when the legal heir is deceased. Thus, according to this interpretation, the children of an unworthy heir can inherit only if the unworthy heir had no siblings.
Not only do we agree with the interpretation cited above, and the trial court’s reliance thereon, but we also find great support for this interpretation Lin the comments to the revised civil code articles on successions enacted by Acts 1997, No. 1421, § 1, eff. July 1, 1999. Revised Art. 946 now governs the devolution of succession rights of a successor declared unworthy, as follows:
If the decedent died intestate, when a successor is declared unworthy, his succession rights devolve as if he had predeceased the decedent .... (Emphasis added.)
The comments to the revised article provide:
(a) This Article is new and definitely changes the law. In an intestate succession, the Article protects the innocent descendants of a successor whose rights are judicially divested for unworthiness. It changes the law by permitting the descendants of a person whose rights have been divested to inherit even when their degree of relationship would not otherwise permit them to do so. It establishes an exception to the normal rule of representation, which is that only deceased persons may be represented (see Civil Code Article 886 (1870)). It permits the children who could have represented the successor now judicially divested of his rights to succeed despite the cause for which their ancestor’s rights are divested and despite his having survived the decedent. Civil Code Article 973 (1870) permits such children to take only in their own right. Thus they would be excluded by a first-degree descendent in the absence of this Article. (Emphasis added.)
*263 (b) An example of the application of this Article is as follows: The decedent is survived by two sons, A and B. A has participated in the intentional murder of the decedent, but A has a son, C, who is totally innocent and blameless in the affair. In the absence of the provisions contained in this Article, when A is declared unworthy, his one-half interest in the estate is inherited entirely and exclusively by his surviving brother, B, and the innocent grandchild C inherits nothing. Under the provisions of this Article, C would inherit ahead of Ah coheirs of the same degree. (Emphasis added.)
The clear and expressed changes in the new law lend further support for the interpretation given to the old law by Professors Swaim and Lorio and adopted by the trial court. We are sympathetic to the plaintiffs, because although the new law has been changed to remedy the unfortunate application of the old law, the old law is nevertheless applicable to their claim and we are constrained to follow it. Based on that application, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law, based on the unworthiness of Shanda Crain.
| sIn light of the foregoing, it is unnecessary to address plaintiffs’ arguments that the trial court erred in finding the renunciations are valid and in refusing to declare them null. Whether the renunciations are valid or invalid, the children may not inherit via representation through their mother, a living heir, albeit unworthy, since there are other heirs in the first degree.[2]
Accordingly, for the reasons assigned, we find no error in the judgment of the trial court, and that judgment is hereby affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
PETTIGREW, J., concurs and assigns reasons.

. Although applicable to this matter, La. C.C. art. 973 was vacated by Acts 1997, No. 1421, § 1, eff. July 1, 1999.

. Additionally, we note that the renunciations are not contained in the record before us. They are mentioned in the petition as having been filed in the record of the successions of the deceased, but have not been made a part of the record before us. We assume that the trial court took judicial notice of them in resolving the issue, and for the reasons stated herein, it is unnecessary for us to review that finding.